

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

December 3, 2025

**BY ECF AND EMAIL**

The Honorable Cathy Seibel
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

Re:    **United States v. Mout'z Soudani**, S1 24 Cr. 555 (CS)

Dear Judge Seibel:

The Government respectfully submits this letter to request that the Court schedule, as soon as practicable, a conference to arraign the defendant on Superseding Indictment S1 24 Cr. 555 (CS), which was returned earlier today, and to address issues arising from the fact that defense counsel, Michael K. Burke, Esq., has personal knowledge of material facts relevant to the Superseding Indictment.[1]  Trial is scheduled to begin on January 26, 2026.

I.    **Factual Background**

The Superseding Indictment adds a new count (Count Six) charging the defendant with destruction of records, in violation of 18 U.S.C. § 1519.  At trial, the Government expects to prove the following facts relevant to this charge:

On June 18, 2024, the Federal Bureau of Investigation ("FBI") executed warrants to search the defendant's person and residence in Walden, New York. During the search, FBI agents provided the defendant with a copy of the warrants, which authorized the agents to seize any of the defendant's cellphones on his person or in his residence, and to search those cellphones for evidence of, among other things, bribery, including evidence of communications between the defendant and Stewart Rosenwasser.  On the day of the search, the defendant advised the FBI agents that he had another cellphone (the "Soudani Phone") that was held by his attorney, Mr. Burke.

On the morning of July 30, 2024, the Government contacted Mr. Burke by phone and email regarding the Soudani Phone.  Mr. Burke advised the Government that the Soudani Phone had been returned to the defendant.  In response, the Government requested that the defendant

---

[1] The Government has no reason to believe that Mr. Burke engaged in any wrongdoing.

voluntarily turn over the Soudani Phone to the FBI and advised that the Government would otherwise seek a search warrant.  At approximately 12:52 p.m., after communicating with the Government, Mr. Burke contacted the defendant, presumably to convey the Government's request for the Soudani Phone and intention to obtain a search warrant if necessary.  Metadata from a subsequent extraction of the Soudani Phone—which the FBI seized from the defendant later that afternoon pursuant to a search warrant—indicates that an iMessage chat thread between the defendant and Rosenwasser was deleted on that same day, July 30, 2024, at approximately 1:15 p.m. (*i.e.*, less than half an hour after Mr. Burke contacted the defendant).

The Government's evidence at trial will include, among other things, evidence regarding the execution of the June 18, 2024 warrants and the defendant's statements to the FBI; communications between the Government and Mr. Burke on July 30, 2024; Mr. Burke's toll records, showing his contact with the defendant on that day; and metadata from the extraction of the Soudani Phone, showing that the user of the phone, the defendant, deleted his chat thread with Rosenwasser less than half an hour after speaking to Mr. Burke.[2]

On November 24, 2025, the Government informed Mr. Burke of the above-described evidence and indicated that it planned to seek a superseding indictment against the defendant.  The Government also advised Mr. Burke of its view that he was a fact witness with information relevant to the new charge and had a potential, but waivable, conflict of interest with continuing his representation of the defendant in this case.  To avoid the need to disqualify Mr. Burke as trial counsel, the Government proposed that the parties enter into a trial stipulation that describes the relevant facts with anonymized references to Mr. Burke as the defendant's counsel.  On November 26, 2025, the Government emailed the proposed stipulation, attached hereto as Exhibit A, to Mr. Burke.  On December 2, 2025, Mr. Burke advised the Government by email that he cannot agree to the stipulation language as it is currently drafted but may be able to agree to a revised version subject to a further discussion with the defendant.  Mr. Burke did not provide any information about his proposed revisions and, to date, has not advised the Government whether the defendant wishes to continue with Mr. Burke as his counsel.

## II.    Applicable Law

The New York Rules of Professional Conduct state that:

> A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact unless:
>
> (1) the testimony relates solely to an uncontested issue;

---

[2] The extraction of the Soudani Phone and evidence relating to the execution of the June 18, 2024 warrants was previously produced in discovery in connection with the original Indictment.  On November 24, 2025, the Government produced to the defendant communications between the Government and Mr. Burke on July 30, 2024, and Mr. Burke's toll records for July 30, 2024 (which the Government recently obtained).

      (2) the testimony relates solely to the nature and value of legal services rendered in the matter;

      (3) disqualification of the lawyer would work substantial hardship on the client;

      (4) the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or

      (5) the testimony is authorized by the tribunal.

N.Y. R.P.C 3.7(a).

Disqualification is generally required where an attorney is in fact, or is in a position to become, either a sworn or unsworn witness at trial.  *See, e.g.*, *United States v. Kliti*, 156 F.3d 150, 156 (2d Cir. 1998) ("When faced with an attorney as a sworn or unsworn witness, the proper recourse is to disqualify the attorney, not to exclude the testimony."); *see also United States v. Kwang Fu Peng*, 766 F.2d 82, 86 (2d Cir. 1985) ("Of course, if [an attorney] were to take the stand to rebut [a witness]'s testimony explicitly, *he would face certain disqualification* pursuant to [the older version of the rule with relevantly similar language]." (emphasis added)); *United States v. Cunningham*, 672 F.2d 1064, 1074 (2d Cir. 1982).  The Second Circuit has explained that disqualification of witnesses as trial counsel is justified to prevent "harm to the integrity of the judicial system":

> We have identified four risks that Rule 3.7(a) is designed to alleviate: (1) the lawyer might appear to vouch for his own credibility; (2) the lawyer's testimony might place opposing counsel in a difficulty position when she has to cross-examine her lawyer-adversary and attempt to impeach his credibility; (3) some may fear that the testifying attorney is distorting the truth as a result of bias in favor of his client; and (4) when an individual assumes the role of advocate and witness both, the line between argument and evidence may be blurred, and the jury confused.

*Murray v. Metropolitan Life Ins. Co.*, 583 F.3d 173, 178 (2d Cir. 2009).  These concerns "matter because, if they materialize, they could undermine the integrity of the judicial process."  *Id.*

A district court may properly disqualify an attorney where there is merely a "risk" that the attorney "would become a witness at trial."  *United States v. Jones*, 381 F.3d 114, 121 (2d Cir. 2004); *see also United States v. Cain*, 671 F.3d 271, 295-96 (2d Cir. 2012) ("Although [the attorney] was not a potential target of the grand jury investigation and his testimony may well have been less central to the prosecution than the testimony that would have been offered by the lawyer in *Jones*, we cannot say that the district court abused its discretion in concluding that the risk that [the attorney] would become a witness against his client was sufficient to justify his disqualification.").  Even where a lawyer will not be called to testify, he or she may be disqualified if the lawyer "is in a position to become an unsworn witness."  *United States v. Locascio*, 6 F.3d 924, 933 (2d Cir. 1993).  "An attorney acts as an unsworn witness when his relationship to his client results in his having first-hand knowledge of the events presented at trial."  *Id.*  As the Second Circuit has held, in contrast to a waivable conflict of interest:

> When an attorney is an unsworn witness, however, the detriment is to the government, since the defendant gains an unfair advantage, and to the court, since the factfinding process is impaired. Waiver by the defendant is ineffective in curing the impropriety in such situations, since he is not the party prejudiced.

*Id.* at 935.

Although measures short of disqualification may be considered, they are not required where an attorney has personal knowledge of the facts of the case, particularly when they would impair the Government's presentation of the case. An attorney with personal knowledge of facts of the case has a potential conflict of interest, but if the jury is kept entirely unaware of this personal knowledge this conflict may be waivable. *See, e.g.*, *Kliti*, 156 F.3d at 156. But any measures taken to keep the jury from learning of an attorney's role should not be so intrusive that they impair the Government's ability to present a cogent and compelling case. *See Locascio*, 6 F.3d at 934 (rejecting argument that redactions could have avoided unsworn witness issue, holding "the government's case should not be unfairly impaired so that an accused can continue with conflicted counsel.").

## III.    Discussion

The Government respectfully requests that the Court hold a status conference as soon as practicable to arraign the defendant on the Superseding Indictment and to address Mr. Burke's personal knowledge of material facts relevant to the Superseding Indictment—namely, Mr. Burke's communications with the Government and with the defendant regarding the Government's intent to seize the Soudani Phone. Mr. Burke's personal knowledge raises two related, but distinct concerns: First, the Government at trial may seek to call Mr. Burke and/or introduce evidence or testimony regarding communications with Mr. Burke. Second, Mr. Burke may be limited in his ability to make certain arguments to the Court or the jury at trial, irrespective of whether his client, the defendant, wishes him to make these arguments. The Government's proposed trial stipulation would resolve the first issue by obviating the need to elicit any testimony from Mr. Burke or reference his name at trial while maintaining the Government's ability to present a cogent and compelling case at trial. The second of these issues is waivable by the defendant. *See, e.g.*, *United States v. Perez*, 325 F.3d 115, 125-28 (2d Cir. 2003).

The Government requests that, at the conference, the Court ascertain whether the defendant intends to seek to continue with Mr. Burke as trial counsel and to enter into the Government's proposed trial stipulation to obviate the need to disqualify Mr. Burke. *See, e.g.*, *United States v. Finkelstein*, No. 21 Cr. 217 (PGG), 2021 WL 2555832, at *5 (S.D.N.Y. June 22, 2021) (after the parties were unable to reach a stipulation as to the attorney's testimony, ordering the attorney's disqualification over objection, reasoning that the attorney's firsthand knowledge made it likely that the attorney "will be a sworn witness at trial, or an unsworn witness in the event that he represents the Defendant at trial"); *see also United States v. Menendez*, 793 F. Supp. 3d 511, 554 (S.D.N.Y. 2025) (rejecting the defendant's Sixth Amendment claims where the defendant's attorney was a potential trial witness, the court held a *Curcio* hearing and concluded that the defendant had "waived her right to conflict-free representation, assuming the parties were able to arrive at a stipulation," and the attorney subsequently moved to withdraw as counsel after "the

parties were unable to agree on a stipulation").  If the defendant so intends, the Government requests that the Court hold a hearing pursuant to *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982), to ensure that the defendant understands and knowingly waives the issues arising from his continued representation by Mr. Burke.  In advance of any *Curcio* hearing, the Government will submit a proposed colloquy for the Court's consideration.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:     /s/_____
Jared D. Hoffman
Justin R. Horton
Olga I. Zverovich
Assistant United States Attorneys